IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN ONLY OPTOELECTRONIC TECH CO LTD <br><br> Defendant. | Civil Action No. 2:16-CV-895 <br><br> JURY TRIAL REQUESTED |

**PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC'S MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT SHENZHEN ONLY PURSUANT TO RULE 4(f)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Ultravision Technologies, LLC ("Ultravision") respectfully files this Motion for Alternative Service of Shenzhen Only Pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure and would show as follows.

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

On August 11, 2016, Ultravision filed the present action against Shenzhen Only, alleging infringement of U.S. Patent No. 9,349,306. Dkt. 1 at ¶ 30. Ultravision filed its Amended Complaint on August 17, 2016 adding allegations of infringement of U.S. Patent No. 9,069,519. Dkt. 3 at ¶ 69. On August 31, 2016, the summons was issued in this case. Dkt. 5.

After filing suit, Ultravision immediately began the process of serving Shenzen Only through the Hague Convention because Shenzhen Only is a Chinese company with no locations in the United States. Ultravision researched and retained (1) a company to

translate the Patents-in Suit, the Amended Complaint, and the summons into Chinese and (2) a company to handle service of those translated documents through the Hague Convention. Those translated documents with the service request through the Hague Convention were sent abroad for service on October 5, 2016 and received by the Chinese authorities on October 8, 2016. Ultravision has been informed by the company that sent the service request to the Chinese authorities that Ultravision will likely not receive confirmation that Shenzhen Only has been served until mid-October 2017. *See* Dkt. No. 10 (Notice Regarding Service of Shenzhen Only) at p. 3 ("notif[ying] the Court that service of a Chinese company through the Hague Convention is taking approximately a year"). Such an estimate is based on the company's actual, recent experience with the service of Chinese companies through the Hague Convention.

Since the time that Ultravision filed this lawsuit against Shenzhen Only, Ultravision has been engaged in arbitration proceedings with Shenzhen Only in Hong Kong. During those arbitration proceedings and in Ultravision's pre-hearing briefing, this lawsuit and the contents of the Amended Complaint were discussed. Moreover, Shenzhen Only's agreed to the inclusion of the First Amended Complaint as an exhibit in the Arbitration. Guanghua "Willie" Xu, the founder of Shenzhen Only who controls the Research and Development Department, and Hongjie "Wally" Xiang, the foreign trade sales manager of Shenzhen Only, participated in the arbitration. Months before Ultravision anticipates learning of service of Shenzhen Only through the Hague Convention, Mr. Xu and/or Mr. Xiang will be in the United States attending one or more conventions on behalf of Shenzhen Only.

## II.  ARGUMENT

Ultravision's service documents have been with the Chinese authorities for nearly five months, and service of Shenzhen Only via the Hague Convention proceedings is not expected to take place for another seven months. Numerous courts have found that this delay, alone, is sufficient for issuing an order for alternative service under Rule 4(f)(3). *See GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) ("[C]ourts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)."); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562–66 (C.D. Cal. 2012) (ordering alternative service and noting that service under the Hague Convention would take four to six months); *Ackerman v. Global Vehicles U.S.A., Inc.*, No. 4:11CV687RWS, 2011 U.S. Dist. LEXIS 96173, at *3-46–10 (E.D. Mo. Aug. 26, 2011) (authorizing service on defendant's counsel in the United States "so as to not further delay" the lawsuit); *The Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 U.S. Dist. LEXIS 129870, at *12–15 (E.D. Pa. Dec. 7, 2010) (granting plaintiff leave to serve a defendant via counsel in the United States where Hague Convention service would take up to three months, plaintiff had sought a waiver of service from the defendant before seeking leave to serve the defendant by alternative means, and because "it [wa]s abundantly clear that both [defendants] possess full notice of both the lawsuit as a whole and the contents of the Complaint"); *LG Elecs., Inc. v. ASKO Appliances, Inc.*, No. 08-828 (JAP), 2009 U.S. Dist. LEXIS 53391, at *13 (D. Del. June 23, 2009) (authorizing service on defendant's United States counsel "to prevent further delays in litigation").

Yet, Ultravision did not merely institute service proceedings through the Hague Convention. Instead, Ultravision sought a waiver from Shenzhen Only during the

3

arbitration in Hong Kong that would permit informal service of the Complaint in this case of which Shenzhen Only has been made abundantly aware. Shenzhen Only refused, requiring Ultravision to continue what is expected to be a year-long wait for service through the Hague Convention. Courts have found that such facts—seeking a waiver and the defendant already having notice of the lawsuit—support an order for alternative service under Rule 4(f)(3). *See The Knit With*, 2010 U.S. Dist. LEXIS 129870, at *4–5 (granting plaintiff leave to serve a defendant via counsel in the United States, in part, because plaintiff had sought a waiver of service from the defendant before seeking leave to serve the defendant by alternative means). *See also id.* at *13 (granting plaintiff leave to serve a defendant via counsel in the United States, in part, because "it [wa]s abundantly clear that both [defendants] possess full notice of both the lawsuit as a whole and the contents of the Complaint"); *Marlabs Inc. v. Jakher*, No. 07-cv-04074 (DMC)(MF), 2010 U.S. Dist. LEXIS 39557, at *7–10 (D.N.J. Apr. 22, 2010) (finding that service upon the foreign defendant through his attorney comports with constitutional due process since defendant was clearly on notice of the contents of the instant complaint and had regular contact with its attorney).

Because Mr. Xu and Mr. Xiang will be in the United States, at the latest, at the Infocomm 2017 in Orlando, Florida June 14–16, 2017 serving Mr. Xu and/or Mr. Xiang with process in the United States would not violate the Hague Convention, which pertains to service abroad. *See*, *e.g.*, *Brown*, 285 F.R.D. at 563 (finding that alternative service pursuant to Rule 4(f)(3), on a foreign defendant, effectuated in the United States, was not in violation of the Hague Convention); *GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 266 (ordering that service through a foreign resident's counsel in the United States was a

valid form of service); *Rose v. Deer Consumer Prods.*, No. CV 11-03701, 2011 U.S. Dist. LEXIS 150160, at *6–8 (C.D. Cal. Dec. 29, 2011) (finding that personal service on the defendant's registered agent in California would not violate the Hague Convention); *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS 90702 (N.D. Cal. June 12, 2008) (finding that serving the foreign defendants through the office located in California did not violate the Hague Convention).

Mr. Xu and Mr. Xian are the founder of Shenzhen Only who controls the Research and Development Department, and the foreign trade sales manager of Shenzhen Only, respectively. They are, thus, not low-level employees of Shenzhen Only, such that service of the summons and complaint on one or both of them in the United States comports with constitutional due process, which requires that Shenzhen Only have "'notice reasonably calculated, under all the circumstances, to apprise [it] of the pendency of the action and afford [it] an opportunity to present [its] objections.'" *In re Sam*, 894 F.2d 778, 781 (5th Cir. 1990) (quoting *Mullane v. C. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)). Here, Wally Xiang and Willie Xu, for all intents and purposes, **are** Shenzhen Only and, thus, service on them while they are in the United States would be service on Shenzhen Only. Such facts are in accord with numerous other courts' holdings. *See Prediction Co. LLC v. Rajgarhia*, No. CIV.A.09-7459, 2010 U.S. Dist. LEXIS 26536, at *3 (S.D.N.Y. Mar. 22, 2010) (holding that sending a copy of the summons and complaint to defendant's attorney and requesting that he forward the documents to defendant is "reasonably calculated to apprise [defendant] of the pendency of the action and afford him an opportunity to present objections"); *Marlabs*, 2010 U.S. Dist. LEXIS 39557, at *7–10 (finding that service upon the foreign defendant through his

5

attorney comports with constitutional due process since defendant was clearly on notice of the contents of the instant complaint and had regular contact with its attorney); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. CIV.A.07-1827, 2010 U.S. Dist. LEXIS 44099, at *16–17 (N.D. Cal. Apr. 2, 2010) (finding that where defendant had consulted U.S. counsel regarding the lawsuit and participated in the case through U.S. counsel, it was "reasonable to infer that [defendant] ha[d] sufficient notice of this case and that service of defendant through its U.S. counsel [would] comport with due process"); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) ("Based on the facts of this case, it is clear that [defendant] would be given proper notice if service was effectuated on his attorney. The numerous motions filed by [defendant's attorney] make it abundantly clear that [defendant] has been in constant communications with his attorney.").

### III.  CONCLUSION

In light of the foregoing, Ultravision respectfully requests that the Court grant its Motion for Alternative Service of Shenzhen Only Pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure and issue an Order permitting Ultravision to serve Mr. Xu and/or Mr. Xiang in the United States with the First Amended Complaint and summons.

DATED: March 6, 2017                                    Respectfully submitted,

                                                        By: */s/ Samuel F. Baxter*
                                                        Samuel F. Baxter
                                                        Texas State Bar No. 01938000
                                                        sbaxter@mckoolsmith.com
                                                        **MCKOOL SMITH, P.C.**
                                                        104 East Houston, Suite 300
                                                        Marshall, Texas 75670
                                                        Telephone:  (903) 923-9000
                                                        Telecopier:  (903) 923-9099

Darryl Burke
Texas State Bar No. 03403405
dburke@mckoolsmith.com
Jennifer L. Henry
Texas State Bar No. 24013790
jhenry@mckoolsmith.com
Gretchen H. Kleinman
Texas State Bar No. 24055979
gkleinman@mckoolsmith.com
Thomas G. Fasone III
Texas State Bar No. 00785382
tfasone@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Seth R. Hasenour
Texas State Bar No. 24059910
shasenour@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8704
Telecopier:  (512) 692-8744

**COUNSEL FOR PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC**

McKool 1301011v1